UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CARY J. PICKETT,<br><br>        Plaintiff,<br><br>v.<br><br>LISA WALSH,<br><br>        Defendant. | Case No. 2:19-CV-00611-JAD-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re: Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 22) |

Before the Court is Plaintiff Cary J. Pickett's Motion for Leave to File an Amended Complaint. ECF No. 22. The Court has considered Plaintiff's Motion and Defendant's Opposition (ECF No. 31). No reply was timely filed.

**I.    BACKGROUND**

Plaintiff is proceeding in this action *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 1. Screening Plaintiff's original Complaint, the Court dismissed (1) Plaintiff's First Amendment claim with prejudice; (2) Plaintiff's Eighth and Fourteenth Amendment due process claims without prejudice; and, (3) Defendants Jones, Moyles, Wickham, and Russell without prejudice. ECF No. 4 at 8. The Court permitted Plaintiff's Fourteenth Amendment equal protection claim to proceed against Defendant Lisa Walsh ("Walsh"). *Id*.

**II.    PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

On January 22, 2021, Plaintiff filed the instant Motion for Leave to File Amended Complaint. ECF No. 22. Plaintiff's Amended Complaint alleges the following facts. On July 15, 2017, an incident occurred in Plaintiff's housing unit at Warm Springs Correctional Center ("WSCC"). *Id*. at 10. The incident involved a fight between a group of white inmates and a group of black inmates. *Id*. Plaintiff alleges he "had absolutely no involvement in this incident." *Id*. As a result of the incident, Walsh, the acting Warden, transferred 22 out of the 24 black inmates—including Plaintiff—out of Plaintiff's housing unit to NNCC. *Id*. Walsh's reasoning behind Plaintiff's transfer

was that he was allegedly "part of a racially motivated incident at WSCC." *Id*. at 7. Allegedly, no white inmates involved in the incident were transferred. *Id*.

Plaintiff claims he was denied equal protection afforded other inmates under Administrative Regulation ("AR") 516 following a non-disciplinary transfer. *Id*. at 11. Plaintiff alleges that a non-disciplinary transfer should result in a level reduction of no more than 30 days. *Id*. Plaintiff claims his classification status was changed from level one to level three for over one year, despite having no discipline during that period. *Id*. at 8. The change in level resulted in a loss of privileges. *Id*. After 60 days, Plaintiff allegedly wrote to Moyles and requested to be restored to level one. *Id*. at 11. In response, Moyles allegedly denied Plaintiff's request and advised him that the purpose of his transfer was to "get [him] a clean start." *Id*. Plaintiff alleges Moyles and Walsh used "get a clean start" as an unofficial policy to punish Plaintiff by subjecting him to an increased classification level. *Id*. at 8. Plaintiff alleges this is a denial of his Fourteenth Amendment equal protection rights given he was not afforded the appropriate process under AR 516 that other inmates are provided following a non-disciplinary transfer. *Id*. at 12. Specifically, Plaintiff alleges Defendants Moyles and Walsh denied him his equal protection rights by refusing to restore his classification status to level one after Plaintiff was in level three for 30 days. *Id*. at 11.

Plaintiff claims he exhausted all available remedies through the grievance process. *Id*. at 18. Accordingly, Plaintiff seeks to add Moyles, Jones, Russell,[1] and Wickham back into this matter as Defendants in Counts I and II of his Amended Complaint. *Id*. at 10, 13. Plaintiff alleges Jones, Russell, and Wickham denied him equal protection rights in denying his grievances at each level, even though these Defendants allegedly admitted that Plaintiff was "cleared of any wrong doings." *Id*. at 14, 20. Plaintiff expected "to be treated as other prisoners are treated and have his grievance upheld." *Id*. at 14.

---

[1] Although Plaintiff's Motion to Amend does not include Defendant Russell (ECF No. 22 at 1), Plaintiff names him as a Defendant in the proposed Amended Complaint (ECF No. 22 at 5).

Liberally construed, Plaintiff seeks to amend his Complaint to assert two new claims under the Fourteenth Amendment against Moyles for unequally denying him a restoration of his classification status and against Jones, Russell, and Wickham for unequally denying Plaintiff's grievances.

### III. DEFENDANT'S OPPOSITION

On March 1, 2021, Defendant Walsh filed an opposition to Plaintiff's Motion to Amend. ECF No. 31. Walsh argues that Plaintiff's amendment is futile. *Id*. at 1. Defendant asserts that to state an effective equal protection claim, a plaintiff must allege facts demonstrating defendants "acted with intent and purpose" to discriminate against him because he is part of a protected class or treated him differently than other similarly situated individuals. *Id*. at 3. Defendant asserts Plaintiff "failed to allege membership in a protected class or that the Defendants were motivated by his membership in a protected class." *Id*. at 1. Defendant also claims Plaintiff failed to demonstrate he is similarly situated to other inmates when alleging that his transfer resulted in inappropriate level reduction, and thus fails to bring an equal protection claim. *Id*. at 4. Defendant asserts Plaintiff "cannot demonstrate he is similarly situated to other inmate grievance filers." *Id*. Thus, Defendant opposes Plaintiff's Amended Complaint on the basis that neither Count I nor Count II establish a claim under the Fourteenth Amendment. *Id*. at 1.

### IV. DISCUSSION

#### A. Leave to Amend is Generally Freely Granted.

Federal Rule of Civil Procedure 15(a)(1) states that "[a] party may amend its pleading once as a matter of course" either "before being served with a responsive pleading" or "within 21 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." If Rule 15(a)(1) does not apply, the party seeking to amend must obtain the opposing party's written consent or the Court's leave to file the amended pleading. Fed. R. Civ. P. 15(a)(2). A motion for leave to amend brought pursuant to Rule 15(a)(2) should be granted freely "when justice so requires." When a party seeks court permission to file an amended pleading, the decision whether to grant leave "lies within the sound discretion of" the court. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185-86 (9th Cir. 1987) (internal citation omitted). The amendment standard

is "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

When considering whether to grant or deny a motion seeking leave to amend a pleading, the Court considers whether there is: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). Here, Defendant has not previously filed or sought to file an amended pleading and neither party raises the issue of prejudice, undue delay, or bad faith. Thus, these considerations are not addressed by the Court. Instead, the Court focuses on the issue of futility.

A motion for leave to amend may be denied if the newly asserted claims appear futile or legally insufficient. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). To determine futility, the Court applies the same standard used on a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). *Id.*

B. <u>Plaintiff's Equal Protection Claims Are Futile.</u>

To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998). In his initial Complaint (ECF No. 1), the Court found Plaintiff sufficiently alleged an equal protection claim against Defendant Walsh stating "Walsh treated [Plaintiff] differently than the white inmates in his cell block, solely on the basis of his race, without any rational basis for the disparate treatment." ECF No. 4 at 7.

However, Plaintiff fails to do the same in his Amended Complaint. Here, Plaintiff's proposed Amended Complaint is futile because he fails to allege that any of the Defendants discriminated against him solely based on his membership in a protected class. Plaintiff fails to allege any Defendant treated him differently because of his race. *Cf. Walker v. Gomez*, 370 F.3d 969, 974 (9th

4

Cir. 2004) (alleging defendants used race as the only factors in excluding inmates from critical-workers list following violent attacks by Black inmates). Thus, Plaintiff's proposed amendment is futile as Plaintiff fails to identify he is a member of a protected class and fails to allege Defendants intentionally target him because of that membership.

Under the Equal Protection Clause, the State must "treat all similarly situated people equally." *Hartmann v. California Dept. of Corrections and Rehabilitation*, 707 F.3d 1114, 1123 (9th Cir. 2013) (citing City of *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985)). To this end, Plaintiff alleges Defendants Moyles and Walsh did not restore Plaintiff's classification status back to level one pursuant to AR 516 although Plaintiff was in level three for 30 days. ECF No. 22 at 11. Plaintiff claims it took over a year to reduce his custody level while housed at WSCC. *Id*. at 15. Plaintiff alleges that this violated the Equal Protection Clause because his previous experience in being transferred to High Desert State Prison and Southern Desert Correctional Center took only a matter of a few weeks to receive a level reduction. *Id*.

Plaintiff fails to demonstrate he is similarly situated to other inmates. Inmates at different institutions are not similarly situated. *Webber*, 158 F.3d at 461 (noting inmates at the correctional institution are not similarly situated to inmates at the prison camp). Further, inmates in different classification statuses are not similarly situated. *Antonetti v. McDaniels*, Case No. 3:16-cv-00396-MMD-WGC, 2021 WL 624241, at *24 (D. Nev. Jan. 25, 2021) (noting inmates in administrative segregation are not similarly situated to inmates in general population). Moreover, not every dissimilar treatment of allegedly similarly situated individuals violates the Equal Protection Clause. *Mitchell v. Cox*, Case No. 2:12-cv-00499-MMD-RJJ, 2012 WL 6597781, at *2 (D. Nev. Dec. 17, 2012) (finding Plaintiff's claim that he was being treated differently from other inmates because his wing had different fire regulations did not violate the Equal Protection Clause).

With respect to Plaintiff's claim that Defendants Jones, Russell, and Wickham denied him equal protection by denying his grievances, Plaintiff fails to allege that he is similarly situated to other inmate grievance filers. *Gates v. LeGrand*, Case No. 3:16-cv-00321-MMD-CLB, 2020 WL 3867200, at *4 (D. Nev. Mar. 27, 2020), *report and recommendation adopted*, Case No. 3:16-cv-00321-MMD-CLB, 2020 WL 1890540 (D. Nev. Apr. 16, 2020) (holding that Plaintiff provided no

factual basis to claim that Defendants' conduct was "slightly more" than denying his grievance). Additionally, Plaintiff "cannot state a constitutional claim based on their dissatisfaction with the grievance process." *Id*. (citing *Grenning v. Klemme*, 34 F. Supp. 3d 1144, 1157 (E.D. Wash. 2014)).

## V.    RECOMMENDATIONS

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 22) be DENIED as amendment would be futile.

IT IS FURTHER RECOMMENDED that Plaintiff's Complaint (ECF No. 5) remain the operative Complaint.

This 8th day of March, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).