UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Cary J. Pickett,

              Plaintiff

    v.

Lisa Walsh, et al.,

              Defendants

Case No. 2:19-cv-00611-CDS-EJY

**Order Granting Defendant's Motion for Summary Judgment and Closing Case**

[ECF No. 49]

Incarcerated pro se plaintiff Cary J. Pickett alleges that defendant Lisa Walsh, the former acting warden of Warm Springs Correctional Center (WSCC), violated his Fourteenth Amendment right to equal protection when she orchestrated his transfer from WSCC to Northern Nevada Correctional Center (NNCC), following a violent altercation between groups of white and black inmates. Walsh now moves for summary judgment on Pickett's claim, arguing that she did not personally participate in the decision to transfer Pickett. Pickett does not genuinely dispute that Walsh was uninvolved in the decision, and for that reason, I grant Walsh's motion for summary judgment.

I.    **Relevant background information**

      *a.  Undisputed facts*

On July 15, 2017, a racially motivated fight broke out amongst a group of white and black inmates at a housing unit in WSCC. Compl., ECF No. 5 at 3. Pickett was not involved in the fight. *Id.* Within a few days, WSCC officials began transferring inmates to other prisons in response to the fight. *Id.*; Mot. Summ. J., ECF No. 49 at 2. Walsh was the acting warden of WSCC at the time. ECF No. 49 at 2. Pickett was transferred to NNCC on July 19, 2017. *Id.* This transfer reclassified Pickett from "level 1" status to "level 3" status, causing him to lose certain

privileges. ECF No. 5 at 4. Pickett filed suit against Walsh under 42 U.S.C. § 1983, arguing that she violated his Fourteenth Amendment right to equal protection. *Id.* at 13. He argues that her actions resulted in him losing various prison privileges for almost ten months. *Id.* at 15.

          *b.   Disputed facts*

     Pickett asserts that Walsh was fully aware of exactly who was involved in the incident and ordered the transfer of "only plaintiff and black inmates," adding that "no white inmates were transferred." *Id.* at 14. He claims that it was at Walsh's "dictation or at her instruction [that] all of the black inmates housed on [his] wing were rolled-up and transferred to NNCC." *Id.* at 6. He adds that he believes the decision was "arbitrary." *Id.* Walsh responds that the decision to transfer Pickett was made by the Offender Management Division (OMD) of the Nevada Department of Corrections (NDOC) and that she did not participate in the transfer discussion. ECF No. 49 at 2.

## II.   Legal standard

     Summary judgment is appropriate when the pleadings and admissible evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). At the summary-judgment stage, the court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed; the case must then proceed to the trier of fact. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Once the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323. "To defeat summary judgment, the nonmoving party must

1  produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."

2  *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018).

3         Title 42 U.S.C. § 1983 establishes a cause of action against a person acting under the color

4  of state law who deprives another person of a constitutionally guaranteed right. *Jones v. Williams*,

5  297 F.3d 930, 934 (9th Cir. 2002). Section 1983 does not create any right; it is just a vehicle

6  through which plaintiffs may challenge actions by government officials. *Id.* To prevail on a § 1983

7  claim, a plaintiff must show that the defendants (1) violated the plaintiff's constitutional right

8  (2) under the color of state law. *Id.*; *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

9  **III.    Discussion**

10         Walsh moves for summary judgment on Pickett's Fourteenth Amendment claim because

11  she argues that she was not personally involved in the decision to transfer Pickett, which is the

12  event at the heart of Pickett's complaint. ECF No. 49 at 6. Because "[l]iability under section 1983

13  arises only upon a showing of personal participation by the defendant," *Taylor v. List*, 880 F.2d

14  1040, 1045 (9th Cir. 1989) (citing *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979)), and Pickett

15  has not demonstrated a genuine dispute over the material fact of Walsh's lack of involvement,

16  summary judgment is appropriate.

17         Pickett asserts that Walsh was in charge of the decision to transfer inmates, including

18  himself, after the July 2017 fight. ECF No. 5 at 6, 13. However, this assertion is conclusory and

19  unsupported by any evidence. Pickett relies on a note in his case file indicating that approval of

20  his transfer was entered on July 18, 2017, as evidence that Walsh made the decision about which

21  inmates would be transferred. Resp., ECF No. 52 at 5. Pickett does not assert that the note

22  indicates Walsh's approval of the transfer or mentions Walsh at all. Nor does he connect the

23  note to any decision that Walsh made.

24

25

26

Pickett adds that Walsh has "not produced evidence that [she] did not provide false information and single out only black inmates for transfer." *Id.* at 4. While this statement confuses whose burden it is to demonstrate liability in this case, it is also factually incorrect. Walsh provided ample evidence that she was not involved in the decision to transfer Pickett. For example, she obtained a declaration from the Chief of OMD, Kirk Widmar, stating that he personally reviewed transfer documents related to this case. Decl., Ex. B, ECF No. 49-3 at 2–4. He declared under the penalty of perjury that, while Walsh could have exercised unilateral power to involuntarily transfer Pickett in an emergency situation, she did not do so (nor did she use such power to transfer any of the inmates following the July 2017 fight). *Id.* at 3. Widmar states that his department, OMD, "made the decision on which inmates to move." *Id.* He adds that "Walsh was not part of the OMD decision to approve the transfer of Cary J. Pickett" and that "Walsh had no authority over the OMD decision to approve the transfer of [ ] Pickett, or any other inmate moved at [the] time." *Id.* at 4.

Walsh and Widmar's recollection of the events comports with the NDOC's administrative regulations. Those regulations, effective on May 16, 2017, and in place at all relevant times in question, provide that OMD "is responsible to approve classification of transfers of inmates between institutions/facilities[.]" Ex. C, ECF No. 49-4 at 2. The overwhelming weight of the evidence suggests that Walsh was not involved in the decision to transfer Pickett; there is no evidence at all suggesting that Walsh was involved. Pickett's conclusory allegations are insufficient to create a genuine dispute as to whether Walsh was involved in the decision to transfer Pickett. Thus, Pickett has not demonstrated that Walsh personally participated in the decision to transfer him. Summary judgment is therefore appropriate on Pickett's Fourteenth Amendment claim, and I need not address Walsh's remaining arguments because Pickett does not bring any further claims against Walsh.

**IV.     Conclusion**

IT IS HEREBY ORDERED that defendant Lisa Walsh's motion for summary judgment **[ECF No. 49] is GRANTED.** The Clerk of Court is instructed to enter judgment accordingly and CLOSE THIS CASE.

DATED: March 6, 2023

_____
Cristina D. Silva
United States District Judge